IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **REBEKAH T. NAPPER**, | ) | |
| *Plaintiff*, | ) | Case Number 3:17-cv-01465 |
| | ) | Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Newbern |
| **WALKER CHEVROLET, INC.**, | ) | |
| | ) | **JURY DEMAND** |
| *Defendant*. | ) | |

___

**PLAINTIFF'S ADDITIONAL ARGUMENT OFFERED IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
___

The plaintiff, **REBEKAH T. NAPPER**, by her undersigned attorney, and as permitted by order of the court (Doc. No. 35), hereby submits additional argument and case authority in opposition to the defendant's motion for summary judgment:

### ADDITIONAL ARGUMENT I
**BECAUSE THE PLAINTIFF REASONABLY ANTICIPATES PRESENTING DIRECT TESTIMONIAL EVIDENCE AT TRIAL IN PROOF OF THE ALLEGATIONS OF THE UNSIGNED FLOURNOY AFFIDAVIT, THE CURRENT INADMISSIBILITY OF THE AFFIDAVIT DOES NOT DEFEAT THE PLAINTIFF'S OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT.**

The defendant's reply (Doc. No. 32) to the plaintiff's response (Doc. No. 30) to the DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 20) presumes that the plaintiff's primary approach at trial will rely upon *indirect* evidence of unlawful discrimination, thereby triggering the four-pronged analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). [defendant's initial memorandum (Doc. No. 21), p. 6; defendant's reply (Doc. No. 32), p. 20]. This is in error. The thrust of the plaintiff's case will be to present *direct* evidence that, if believed, will point irrefutably to the unlawful sex-based discrimination by the defendant's sales manager as the dominant factor in the termination of the plaintiff's employment.

This evidence, if believed, will be dispositive of the issue of the defendant's violation of Title VII. *Tennial v. United Parcel Serv., Inc.*, 840 F.3d 292, 302 (6th Cir., 2016) ("Direct evidence consists of facts that, "if believed, require [ ] the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Id* at 302, citing . *Johnson v. Kroger Co.*, 319 F.3d 858, 865 (6th Cir. 2003)) ("In other words, when direct evidence is provided, no inferences are needed in order to conclude that [] discrimination is afoot." *Tennial, Id.* at 302.)

The crux of this dispute then, *vis-à-vis* the motion for summary judgment, is the extent to which the plaintiff may produce direct evidence of discrimination by the defendant as a motivating factor in the decision to terminate the plaintiff's employment.  The defendant casts this issue as whether admissible evidence has been produced by the plaintiff in opposition to the motion for summary judgment sufficient to overcome the defendant's evidence  [defendant's reply (Doc. No. 32), p. 2 ("It is fundamental that the evidence used to establish or refute a fact for summary judgment purposes must be admissible. *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1189 (6th Cir. 1997).")], ultimately concluding that because the plaintiff has failed to date to produce a signed affidavit from Flournoy that her reliance on potential Flournoy-derived evidence is improper and thus inadequate:

> *Accordingly, all references to Peter Flournoy's unsigned, unverified affidavit in Plaintiff's Response in Opposition, the statements contained within the proposed affidavit of Peter Flournoy, and the Plaintiff's Statements of Additional Material Facts should be stricken from the record or disregarded. Moreover, they are inadmissible evidence, as these statements are all hearsay.*

[defendant's reply (Doc. No. 32), p. 2].

The defendant misstates the applicable standard.  Although the rule used to be that asserted by the defendant and reflected in the 1997 *U.S. Structures, Inc.*, case cited by it, the standard now is not "whether the evidence used to establish or refute a fact for summary

judgment purposes must be admissible," but, rather, whether the evidence ***can be*** presented in a form that would be admissible in evidence. As this court observed earlier this year,

> *As amended in 2010, Federal Rule of Civil Procedure 56 provides that parties asserting a genuinely disputed fact need only "cit[e] to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). It then permits a party to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Once an objection is properly made, the proponent must "show that the material is admissible as presented or ... explain the admissible form that is anticipated."*

*Thomas v. Haslam*, 303 F.Supp.3d 585, 624 (M.D. Tenn., 2018) (Trauger, J.) (citing *Mangum v. Repp*, 674 Fed.Appx. 531, 536–37 (6th Cir. 2017) (quoting Fed. R. Civ. P. 56(c), advisory committee's note to 2010 amendment); *see also Mount Vernon Fire Ins. Co. v. Liem Constr., Inc.*, No. 3:16-CV-00689, 2017 WL 1489082, at *3 (M.D. Tenn. April 26, 2017) (Crenshaw, J.)); *see, also*, *Southall v. USF Holland, Inc.*, No. 3:15-cv-1266 at *9 (M.D. Tenn. December 5, 2018) (Richardson, J.).

Much of the plaintiff's opposition to the motion for summary judgment is based upon the substantive content of the unsigned Flournoy affidavit (Doc. No. 29-3). This content comprises Flournoy's recollection of direct statements by the defendant's sales manager that demonstrate that unlawful sex-based discrimination was the primary motivating factor the termination of the plaintiff's employment. Under the above-cited case authority, that this content is not at this moment in admissible form is not a justifiable basis for excluding it as evidence of the existence of material disputed facts for determination at trial.

Procedurally [and, admittedly, *technically*], the defendant has not followed the protocol established by *Thomas v. Haslam*, *supra*, for objecting to the use of the unsigned Flournoy affidavit. The defendant objects to the use of the content of the Flournoy affidavit on ground that it *has not* been presented in admissible form. The issue, though, according to both *Thomas* and

–3–

*Southall*, is whether this content "***can be*** reduced to an admissible form at trial." *Southall, supra*, at \*9 (***emphasis*** supplied)*.* Clearly, all that is required to present the content of the unsigned Flournoy affidavit is the presentation of Flournoy's testimony at trial. Even though, then, the defendant has not asserted that the Flournoy evidence *cannot* be reduced to an admissible form at trial, it clearly can be. Moreover, and assuming, *arguendo*, that the defendant's objection to the use of the unsigned Flournoy affidavit had been properly asserted, the plaintiff can and has met this objection by explaining — as required by *Thomas* — the admissible form that is anticipated, *Thomas v. Haslam*, *supra*, at 624, namely, Flournoy's direct testimony.

As established by the undersigned's declaration filed as an attachment hereto, the likelihood of the contents of the unsigned Flournoy affidavit being established by admissible testimony of Flournoy at the trial of this action is great. Accordingly, the standard established by *Thomas*, *Southall*, and *Mt. Vernon*, *supra*, relating to the form of evidence required to successfully oppose summary judgment is satisfied: the plaintiff has explained the admissible form (direct testimony) that is anticipated for delivery of Flournoy's direct evidence of the defendant's unlawful discrimination.

Admittedly, the difficulties that the plaintiff has experienced in securing Flournoy's promised testimony may create opportunities to question the veracity of any testimony ultimately delivered by Flournoy, but this, of course, goes to the credibility of the witness and to the weight of the evidence, neither of which are proper areas of inquiry in considering a motion for summary judgment. *Kennedy v. Wal-Mart Stores, E., L.P.*, No. 3:17-cv-0946 at \*3 (M.D. Tenn., December 4, 2018) (Richardson, J.) ("Credibility judgments and weighing of evidence are improper." citing *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018)).

# ADDITIONAL ARGUMENT II

**ALTHOUGH, AS SET FORTH IN ADDITIONAL ARGUMENT I, THE LIKELY DELIVERY OF TESTIMONY FROM FLOURNOY PRECLUDES SUMMARY JUDGMENT, ALTERNATIVELY, THE PLAINTIFF'S OWN TESTIMONY RECOUNTING FLOURNOY'S STATEMENTS WILL INDEPENDENTLY PRECLUDE SUMMARY JUDGMENT.**

The substantive contents of the unsigned Flournoy affidavit (Doc. No. 29-3), upon which much of the plaintiff's opposition to the motion for summary judgment is based, are reflected in their entirety in the sworn interrogatory responses of the plaintiff. [see plaintiff's interrogatory responses (Doc. No. 29-1), response #1]. Given that these statements of Flournoy to the plaintiff qualify as non-hearsay (and, thus, admissible to the extent they are relevant) statements under Fed. R. Evid. 801(d)(2)(D) inasmuch as they were made by the defendant's agent or employee on a matter within the scope of that relationship and while it existed, the plaintiff's own recounting of the Flournoy statements in her sworn interrogatory responses suffice to create a genuine issue of material fact for trial.

The evaluation of this issue is complicated somewhat by the manner in which the defendant chose to respond to the statement of additional material facts set forth within the PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS (Doc. No. 29). Local Rule 56.01 ("MOTIONS FOR SUMMARY JUDGMENT") provides in section (d) that "[i]f the non-moving party has asserted additional facts, the moving party shall respond to these additional facts by filing a reply statement in the same manner and form as specified in section (b) and (c) above. For each additional fact asserted by the plaintiff, then, section (c) required the defendant to respond in one of three distinct ways: (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed."

Except for additional fact No. 7, the defendant did none of these. Instead, for each of the other additional facts the defendant simply leveled objections to the assertion of the facts on ground that the facts were "not supported by admissible evidence." As discussed in connection with ADDITIONAL ARGUMENT I, above, though, the applicable standard is not that an asserted fact must be supported by currently produced admissible evidence, but, rather, whether evidence of the fact "***can be*** reduced to an admissible form at trial." *Southall v. USF Holland, Inc.*, *supra*, No. 3:15-cv-1266 at \*9 (M.D. Tenn. December 5, 2018) (Richardson, J.) (***emphasis*** supplied)**.**

For purposes of summary judgment, then, currently uncontroverted facts include those set forth in additional facts Nos. 1 and 2:

> *1. Peter Flournoy was part of the management team at Walker Chevrolet in Franklin, Tennessee, being the manager of the Business Development Center and also responsible for marketing, all during the time in 2017 that Rebekah Napper was employed at Walker Chevrolet and at the time of the termination of her employment.*
>
> *2. During approximately the week prior to Ms. Napper's termination, Peter Flournoy had a discussion with General Manager Brock Daly about the sales staff, specifically regarding the sales staff that had been there for a while in relation to the new sales staff. Flournoy and Daly agreed that Ms. Napper worked hard and had a good drive, and that if the hours of a salesperson ever became too burdensome for her as a mother or otherwise interfered with her family life, that they would like for Ms. Napper to work in the Business Development Center. Flournoy and Brock [Daly] did not want to lose Ms. Napper as an employee just because of the sales jobs' hours.*

Each of these facts were supported by the plaintiff with citations both to the unsigned Flournoy affidavit and to Plaintiff's interrogatory response #1 (in which she relates statements made to her by Peter Flournoy). Inasmuch as these facts establish that decision-making relating to the performance of the sales staff and, in particular, to the particular value of the plaintiff as an employee, was clearly within the scope of Flournoy's employment on the "management team," and inasmuch as all of the Flournoy statements related by the plaintiff occurred while Flournoy's

employment relationship existed, these facts are not established by "hearsay statements by the Plaintiff," as alleged in the defendant's reply to these facts. Rather, these statements by Flournoy are non-hearsay statements of an opposing party under Fed. R. Evid. 801(d)(2)(D), and, thus are admissible and suffice to defeat the defendant's motion for summary judgment. These statements constitute direct evidence of unlawful sex-based employment discrimination, thereby presenting, in view of the defendant's summary judgment filings, a disputed issue material fact for resolution by the jury. Consequently, summary judgment is inappropriate and should be denied.

Respectfully submitted,

MACPHERSON & YOUMANS

s/ Robert D. MacPherson
by Robert D. MacPherson, BPR #022516
MacPherson & Youmans
119 Public Square
Lebanon, Tennessee 37087
Telephone: (615) 444-2300
email *rdmacpherson@macyolaw.com*
Attorney the plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that, on December 31, 2018, service of a copy hereof was made upon Filing Users through the Electronic Filing System. The specific persons upon whom service is made are **Frank S. Cantrell** and **Shellie Handelsman**, Shuttleworth, PLLC, 6077 Primacy Parkway, Suite 200, Memphis, Tennessee 38119, attorneys for the defendant.

s/ Robert D. MacPherson