IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REBEKAH T. NAPPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 3:17-CV-01465 |
| | ) |
| WALKER CHEVROLET, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY TO "PLAINTIFF'S ADDITIONAL ARGUMENT OFFERED IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT"**

Defendant Walker Chevrolet, Inc. ("Defendant" or "Walker Chevrolet"), by and through counsel, replies to "Plaintiff's Additional Argument Offered in Opposition to Defendant's Motion for Summary Judgment" ("Plaintiff's Additional Argument") (Doc. 36) as follows:

    I. **Plaintiff has failed to "put up" any evidence to meet her burden in opposing summary judgment**

In Plaintiff's Additional Argument, she states the correct summary judgment standard is "whether the evidence *can be* presented in a form that would be admissible in evidence." (Doc. 36, p. 3). To be perfectly clear, in objecting that facts in Plaintiff's Statement of Additional Material Facts "are not supported by admissible evidence" (Doc. 33), Defendant contends that those alleged facts are not and cannot be presented in a form that would be admissible in evidence under Tenn R. Civ. Pro. 56(c)(2).[1]

Plaintiff argues that an unsigned, unverified affidavit drafted by Plaintiff's counsel is

---

[1] While Defendant submits that its objections as stated are sufficient to support that contention, in the event that the Court believes that they are not, Defendant asks that they be amended to reflect Defendant's contention in accordance with Tenn R. Civ. Pro. 56(c)(2).

1

somehow sufficient to oppose summary judgment and show direct evidence of discrimination because Peter Flournoy *might possibly* appear at trial for the first time to produce some alleged discriminatory text messages that have never been seen.

Plaintiff cites to three cases to argue an unsigned and unverified affidavit is admissible as evidence for purposes of summary judgment because Plaintiff might be able to put the allegations into some admissible form at trial. However, these cases have nothing to do with unsigned or unverified affidavits; they have to do with reports, data, business activities, or other written documents that require a witness to authenticate them for them to be admissible at trial. *See Southall v. USF Holland, Inc.*, 2018 U.S. Dist. LEXIS 206220 (M.D. Tenn. December 5, 2018); *Mount Vernon Fire Ins. Co. v. Liem Constr., Inc.*, 2017 U.S. Dist. LEXIS 63224 (M.D. Tenn. April 26, 2017); *Thomas v. Haslam*, 303 F. Supp. 3d 585 (M.D. Tenn. 2018).

As this Court knows, in *Southall*, the question was whether excerpts from a collective bargaining agreement, which had been submitted in support of a motion for summary judgment, should be considered by the Court. *Southall,* 2018 U.S. Dist. LEXIS 206220 at *10. Not only could those excerpts easily be presented in admissible form, they were considered in that case for non-hearsay purposes anyway. *Id.* at *11.

In *Mount Vernon Fire Ins. Co.*, a declaratory judgment action, the material before the Court consisted of an affidavit and interrogatory answers, both of which were properly sworn, from the underlying action. *Mt. Vernon Fire Ins.,* 2017 U.S. Dist. LEXIS 63224 at *6. The court correctly found that those already sworn materials could easily be reduced to admissible form. *Id.* at *8.

Plaintiff cites no case, however, for the proposition that because a witness might be located and subpoenaed to trial and might then appear and testify in accordance with a self-serving, unsigned, unverified affidavit prepared by counsel, the contents of the document should

2

be considered in opposition to summary judgment. Plaintiff confuses what could be done with what she hopes might happen.

Additionally, Plaintiff leaves out a crucial part of this analysis. "[W]hile '[t]he *general rule* is that inadmissible hearsay cannot be considered on a motion for summary judgment,' … 'a district court *may* consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible form.'" *RyMed Techs., Inc. v. ICU Med., Inc.*, 2012 U.S. Dist. LEXIS 140012, *13 (M.D. Tenn. September 28, 2012) (emphasis added) (internal citation omitted). Plaintiff fails to point out that the court is not required to consider inadmissible hearsay.

Further, "an 'unsigned affidavit' is a contradiction in terms. By definition an affidavit is a 'sworn statement in writing made…under an oath or on affirmation before…an authorized officer.'" *Sfakianos v. Shelby Co. Gov't*, 2012 U.S. App. LEXIS 11653, *3 (6th Cir. June 6, 2012). "[U]nauthenticated documents do not meet the requirements of Rule 56(e)."[2] *Sfakianos*, 2012 U.S. App. LEXIS 11653, at *2. "Unsigned affidavits do not comply with Fed. R. Civ. P. 56(e)." *Id*. Here, the Sixth Circuit found that "[g]iven the absence of support for [plaintiff's] claims beyond her inadmissible affidavit, the district court properly granted [defendant's] motion for summary judgment." *Sfakianos*, 2012 U.S. App. LEXIS 11653, *4.

Tennessee courts have also found unsigned "affidavits" to be inadmissible. "An affidavit, in order to be considered, must be signed and sworn to. An unsigned 'affidavit' is not evidence and cannot be considered." *Crocker v. Larson*, 1990 Tenn. App. LEXIS 632, *11 (Tenn. Ct. App. September 11, 1990); *see also State v. Davidson*, 509 S.W.3d 156, 184 & n. 3 (Tenn. 2016). While a court *may* consider hearsay to rule on summary judgment, an unsigned affidavit

---

[2] The Sixth Circuit notes the District Court used Rule 56(e), but in December 2010, Rule 56 was reorganized and the relevant portion was moved to 56(c)(4). However, for consistency, they used 56(e) in this opinion.

3

is not even hearsay; it is inadmissible evidence and cannot be considered. *See id.*

Plaintiff ignores the crux of Rule 56: "[a]t the summary judgment stage of the proceedings … Plaintiff must 'put up or shut up.'" *Dorsey v. Metro. Gov't*, 2012 U.S. Dist. LEXIS 110545, *10 (M.D. Tenn. August 7, 2012) (quoting *Street v. J.C. Bradford & Co.*, 886 F2d 1472, 1478 (6th Cir. 1989)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Dorsey*, 2012 U.S. Dist. LEXIS 110545, *8.

In summary, Plaintiff is arguing the unsigned, unverified "affidavit" of Peter Flournoy is sufficient to defeat summary judgment because Peter Flournoy *could (actually the better word is might)* show up at trial despite refusing to cooperate thus far.[3] Further, for the first time, Plaintiff is apparently issuing a subpoena to Peter Flournoy's wife because she has a teaching license, which may lead to her address, so he can subpoena her to a deposition to ask for Peter Flournoy's address, so he can be served with a subpoena for trial, so that perhaps he can provide evidence of discrimination.

Plaintiff's argument would create a new standard that all one needs to do to defeat summary judgment is to explain how they "might" be able to produce some kind of admissible evidence at trial. If that were the case, summary judgment would never be granted and the entire pre-trial procedure would become meaningless. Further, it would be trial by ambush.

Plaintiff had eight months in discovery to subpoena Peter Flournoy to a deposition, to subpoena cell phone records from Peter Flournoy or Rob Ybarra, to serve discovery on Defendant to attempt to obtain an address for Peter Flournoy, or to depose Rob Ybarra to ask about his alleged text messages. However, Plaintiff chose not to serve any discovery on Defendant, chose not to take the deposition of any witness, and chose not to issue a single

---

[3] Plaintiff's counsel states in his Declaration that "Flournoy has never disputed or denied any of the statements attributed to him by the plaintiff or any of the allegations set forth in the unsigned affidavit." (Doc 36-1). This in no way makes this unsigned affidavit admissible.

4

subpoena. Instead, for the very first time on January 7, 2019, nearly two months after Defendant filed its Motion for Summary Judgment, Plaintiff stated she was serving subpoenas in an attempt to get an address so that she can try to subpoena a witness to trial in hopes that he might say what she wants. This is all an attempt to get alleged discriminatory text messages that Plaintiff's counsel claimed at the initial case management conference on January 17, 2018 he would have any day.

## II. Plaintiff's termination was not within the scope of Flournoy's agency

Plaintiff now argues, for the first time, that Peter Flournoy's "statements" are admissible as non-hearsay under Fed. R. Evid. 801(d)(2)(D) as an agent of Defendant (Doc. 36 pp. 6-7). These "statements" are ones that Peter Flournoy allegedly made to Plaintiff after her termination, as set forth in her Interrogatory Answer No. 1 (Doc. 29-1, pp. 2-3). Nothing in the record, however, establishes Peter Flournoy's agency.

Plaintiff's response to Interrogatory No. 1 identifies Peter Flournoy as a "Former Manager" at Walker Chevrolet and states: "Peter was the Manager over the Business Development Center at Walker Chevrolet. The BDC handles internet inquiries. He was also in charge of marketing for Walker Chevrolet. Peter was part of the management team at Walker Chevrolet." (Doc. 29-1). That is not enough to establish that Peter Flournoy's alleged statements to Plaintiff on the topic of her termination are admissible as non-hearsay.

> Under Fed. R. Evid. 801(d)(2)(D), a statement is not hearsay if it is offered against a party and is 'a statement by the party's agent or servant *concerning a matter within the scope of the agency or employment*, made during the existence of the relationship' (emphasis added). In *Hill v. Spiegel, Inc.*, 708 F.2d 233, 237 (6th Cir. 1983), Baker, a subordinate of the plaintiff, testified that three other managers told him that the plaintiff was discharged because of his age. We held that the statements were hearsay because there was no evidence that the declarants were involved in the discharge decision and, therefore, no evidence that the statements were made concerning a matter within the scope of their agency or employment.

5

> The mere fact that each of these men was a 'manager' within the expansive Spiegel organization is clearly insufficient to establish that matters bearing upon [plaintiff's] discharge were within the scope of their employment. Their statements to Baker concerning [plaintiff's] discharge cannot, on this record, be considered as vicarious admissions by Speigel. *Hill*, 708 F.2d at 237.

*Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999); *see also Crane v. Monterey Mushroom, Inc.*, 910 F. Supp. 2d 1032, 1042-43 (E.D. Tenn. 2012).

In order for Peter Flournoy's "statement" to be considered nonhearsay, Plaintiff must show he was an agent *and* the statements were concerning a matter within the scope of the agency *and* made during the existence of the relationship. *See id*. However, Plaintiff's Interrogatory statement merely states he was a former manager of a different department – that's all. In her deposition, she demonstrates that he was not her manager or supervisor. (Doc. 29-2, pp. 47-49, Napper Depo. p. 46 line 19 through p. 48 line 3). The mere fact that Flournoy was a "manager" is insufficient to establish matters bearing on Plaintiff's discharge were within the scope of Flournoy's agency. *See id.* His alleged "statements" cannot be considered vicarious admissions by Defendant.

Further, Peter Flournoy's "statements," if considered, would actually prove that they were not within the scope of his agency. According to what he allegedly told Plaintiff, a) Rob Ybarra, not Peter Flournoy made the termination decision; and b) if it had been Peter Flournoy's decision, Plaintiff would not have been terminated (Doc. 29-1, p. 2). This would place this case squarely within the language quoted from the Sixth Circuit's decision in *Jacklyn. Id.* ("…because there was no evidence that the declarants were involved in the discharge decision and, therefore, no evidence that the statements were made concerning a matter within the scope of their agency or employment.")

6

A similar situation arose in *Bradley v. Rhema-Northwest Operating LLC,* 2017 U.S. App. LEXIS 19522 (6th Cir. October 3, 2017). There, the decision maker was a manager named Tim Frank. *Id.* at *4. In opposition to summary judgment, Plaintiff presented her own testimony that three management nurses told her that they heard Frank say, in a company meeting, that he wanted to "get rid of the older people in the community." *Id.* at *5. The Court there properly recognized that the problem was one of double hearsay and that each separate statement must be excluded from the definition of hearsay or fall within an exception. *Id.* The Court held that because the management nurses were not speaking on a matter within the scope of their employment, the trial court properly excluded their statements from consideration on summary judgment. *Id.* at *6-7.

As Plaintiff cannot prove her termination was within the scope of Flournoy's agency with Defendant, Plaintiff's statements about what Peter Flournoy told her about Rob Ybarra's alleged motivation are inadmissible.

### III. Objections to Plaintiff's Statement of Additional Material Facts

Plaintiff argues Defendant's responses to Plaintiff's Statement of Additional Material Facts were improper because Defendant objected on the grounds that these "facts" were not supported by admissible evidence. Federal Rule 56(c)(1) states "A party asserting a fact…*must support the assertion by:* (A) *citing to particular parts of materials in the record,* including depositions, documents, electronically stored information, affidavits or declarations,…or other materials." (emphasis added). As discussed above, the "unsigned affidavit" is inadmissible evidence and cannot be considered as evidence or as part of the record. *See Crocker*, 1990 Tenn. App. LEXIS 632, *11; *Sfakianos*, 2012 U.S. App. LEXIS 11653, *2. As also discussed above, the same is true of the alleged statements of Peter Flournoy. Requiring a defendant to respond in

7

some other way besides an objection would shift the plaintiff's burden of citing to the record to the defendant to dispute a plaintiff's unsupported allegation. In turn, it would allow a plaintiff to make unsupported allegations and then require the defendant to refute them by citations to the record.

### IV. There is no direct evidence of discrimination

Finally, Plaintiff argues the *McDonnell* framework does not apply, as "[t]he thrust of the plaintiff's case will be to present *direct* evidence" at trial. (Doc. 36). However, the alleged "direct evidence" is Peter Flournoy's unsigned "affidavit" and his alleged hearsay statements to Plaintiff. In short, Plaintiff is asking this Court to deny summary judgment, despite failing to put forth any evidence of discrimination, and despite making no efforts during discovery to obtain any evidence, because Peter Flournoy might appear at trial, might finally support her claims, and might actually produce the alleged text messages that no one in this case has ever seen.

Prior to addressing this allegation, Defendant submits that it is not even necessary to reach the question of whether there would be direct evidence, because, as established above, Plaintiff has "put up" no evidence at all.

Plaintiff cites to *Tennial v. UPS* in support. 840 F.3d 292 (6th Cir. 2016). "Direct evidence consists of facts that, 'if believed, require[] the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions.'" *Id*. at 302 (internal citation omitted). "In other words, when direct evidence is provided, no inferences are needed in order to conclude that racial discrimination is afoot." *Id.* (internal citation omitted).

Plaintiff does not, however, share the outcome of the analysis in *Tennial*. When the Sixth Circuit analyzed the alleged discriminatory remarks in that case, it found there was no direct evidence of discrimination and stated the following:

> A finding of racial discrimination based on these comments, moreover, would require us to make inferences. First, we would have to infer that Cochran's alleged use of the n-word with respect to an unrelated employee meant that his decision to demote Tennial was due to a similar racial animus. We would also be required to infer that Harm's reference to Tennial's coworkers as 'boys' meant that his animus trickled down and influenced the individual decisions of Cochran and Slabaugh to initiate Tennial's MPIP and demotion process.
>
> In sum, neither of these stray comments constitute direct evidence of racial discrimination against Tennial. His "direct-evidence" theory of liability therefore fails.

*Id*.

The same result was reached in the other case that Plaintiff cites on direct evidence, *Johnson v. Kroger Co., 319 F.3d 858, 865 (6th Cir. 2003)*, where the Sixth Circuit likewise found no direct evidence, making clear that direct evidence exists only where *no inference* need be drawn in order to find discrimination. *Id.*

Perhaps more importantly, though, as noted above, this argument need not even be reached because the alleged "direct evidence" is in the form of the unsigned affidavit and the alleged hearsay statements made by Peter Flournoy to Plaintiff.

## CONCLUSION

After numerous extensions and numerous additional filings, Plaintiff has failed to meet the "put up or shut up" burden on summary judgment. There is no evidence that shows any discrimination, direct or indirect, by Defendant towards Plaintiff. Quite the contrary, all evidence shows Plaintiff was terminated, along with two male salespeople, under a reduction in force, and none were replaced. Plaintiff cannot show she was replaced by a person outside the protected class or treated differently than similar situated employees outside the protected class. As Plaintiff is unable to "put up" any evidence to show Defendant's legitimate, nondiscriminatory reason for terminating her was a pretext for sex discrimination, summary judgment should be granted.

9

Respectfully submitted,

SHUTTLEWORTH PLLC

BY s/ Michelle J. Handelsman
Frank S. Cantrell (#6661)
Michelle J. Handelsman (#33328)
401 Church Street, Suite 2700
Nashville, TN 37219
fcantrell@swlawpllc.com
shandelsman@swlawpllc.com
Attorneys for Defendant

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been filed with the Clerk of the Court on this the 10th day of January, 2019, using the CM/ECF system which sent notification of this filing to all ECF registered counsel of record via e-mail generated by the Court's ECF system, on the following:

Robert D. MacPherson
MacPherson & Youmans, P.C.
119 Public Square
Lebanon, TN 37087

/s/Michelle J. Handelsman
Michelle J. Handelsman

10

Case 3:17-cv-01465   Document 38   Filed 01/10/19   Page 10 of 10 PageID #: 492