IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| REBEKAH T. NAPPER, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:17-cv-1465 |
| | ) | |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| WALKER CHEVROLET, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### **MEMORANDUM OPINION**

Pending before the Court is Defendant's Motion for Summary Judgment (Doc. No. 20). Plaintiff has filed a Response (Doc. No. 30), Defendant has filed a Reply (Doc. No. 32), Plaintiff has filed Additional Authority (Doc. No. 36), and Defendant has filed a Reply to that additional authority (Doc. No. 38). Finally, the parties have filed a "Joint Filing of Email and Attachment and Withdrawal by Plaintiff's Counsel of Certain Statements Made in Opposition to Summary Judgment (Doc. No. 39).

### **INTRODUCTION[1]**

Plaintiff Napper is a former sales employee of Defendant Walker Chevrolet, an automobile dealership in Franklin, Tennessee. When she was hired on April 10, 2017, Plaintiff had no prior experience in automobile sales. Because of what it perceived as a decline in the sales market, specifically sales at Walker Chevrolet, Defendant decided, in June of 2017, that a reduction-in-force of its salespeople was necessary. On June 12, 2017, Defendant terminated Plaintiff and a male salesperson from Plaintiff's training class as part of the reduction-in-force. On June 13, 2017,

---

[1] Each side has expressly accepted as true all facts set forth in this paragraph.

Defendant terminated another male salesperson from Plaintiff's training class. Plaintiff was not replaced by Defendant. In fact, Defendant did not replace any of these three persons who were let go.

Plaintiff alleges that her firing was based upon her gender, in violation of 42 U.S.C. § 2000e, *et seq*. ("Title VII") and Tenn. Code Ann. § 4-121-101, *et seq*. ("THRA"). Defendant argues that Plaintiff cannot establish a *prima facie* case of discrimination in this reduction-in-force situation, and, even if she could, it has articulated a legitimate, non-discriminatory reason for its action, and Plaintiff has no evidence that its reason was a pretext for gender discrimination.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In other words, even if genuine, a factual dispute that is irrelevant or unnecessary under applicable law is of no value in defeating a motion for summary judgment. *See id.* at 248. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine[.]'" *Id.*

A fact is "material" within the meaning of Rule 56(c) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Anderson*, 477 U.S. at 248. A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Harris v. Klare*, 902 F.3d 630, 634-35 (6th Cir. 2018).

The party bringing the summary judgment motion has the initial burden of identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018). If the summary judgment movant meets that burden, then, in response, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *Id.* at 628.

A party asserting that a fact cannot be or genuinely is disputed—i.e., a party seeking summary judgment and a party opposing summary judgment, respectively—must support the assertion by citing to materials in the record, including, but not limited to, depositions, documents, affidavits or declarations. Fed. R. Civ. P. 56(c)(1)(A). On a motion for summary judgment, a party may object that the supporting materials specified by its opponent "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Upon such an objection, the proponent of the supporting material must show that the material is admissible as presented or explain how it could be presented in a form that would be admissible. *Thomas v. Haslam*, 303 F. Supp. 3d 585, 624 (M.D. Tenn. 2018); *Mangum v. Repp*, 674 F. App'x 531, 536-37 (6th Cir. 2017) (citing Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment).

In analyzing a motion for summary judgment, the court should view the facts and draw all reasonable inferences in favor of the non-moving party. *Pittman*, 901 F.3d at 628. Credibility judgments and weighing of evidence are improper. *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). Where there is a genuine dispute as to any material fact, summary judgment is not appropriate. *Id.* The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment;

rather, there must be evidence upon which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

## GENDER DISCRIMINATION

With respect to establishing a claim under either Title VII or the THRA,[2] if a plaintiff relies on circumstantial evidence[3], she must establish a *prima facie* case by showing that: (1) she is a member of a protected group; (2) she was subjected to an adverse employment action; (3) she was qualified for the position; and (4) she was replaced by a person outside the protected class or treated differently than similarly-situated employees outside the protected class. *Tennial v. United Parcel Service, Inc.*, 840 F.3d 292, 303 (6th Cir. 2016). In a reduction-in-force ("RIF")[4] situation, a plaintiff has an added *prima facie* burden to produce direct, circumstantial, or statistical evidence that her status as a member of a protected class was a factor in her discharge. *Perry v. Young Touchstone Co.*, 846 F. Supp. 2d 922, 930 (W.D. Tenn. 2012). The mere termination of a competent employee as part of a RIF (*i.e*., when an employer is making cutbacks due to economic necessity) is insufficient to establish a *prima facie* case of gender discrimination. *Crook v. Simpson Strong–Tie Co., Inc.*, Nos. 3:10-cv-00445, 2:10-cv-00099, 2:10-cv-00100, 2012 WL 123988, at *12 (M.D. Tenn. Jan. 17, 2012).

If a plaintiff establishes a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. If it does so, the burden returns to the

---

[2] An analysis of claims under the THRA is the same as under Title VII of the Federal Civil Rights Act. *Bredesen v. Tennessee Judicial Selection Comm'n*, 214 S.W.3d 419, 430 (Tenn. 2007); *Lynch v. City of Jellico*, 205 S.W.3d 384, 399 (Tenn. 2006).

[3] Although Plaintiff argues that she has "evidence of discrimination that is direct and damning," there is no such direct evidence before the Court, as explained below.

[4] A RIF occurs when business considerations cause an employer to eliminate one or more positions within the company. *Perry*, 846 F. Supp. 2d at 930.

4

plaintiff to show that the defendant's articulated reason was a pretext for discrimination. *Sybrandt v. Home Depot U.S.A., Inc.*, 560 F.3d 553, 557-58 (6th Cir. 2009); *Monce v. Marshall Cty. Bd. of Educ.*, 307 F. Supp. 3d 805, 814 (M.D. Tenn. 2018). To show pretext, Plaintiff may show that: (1) the proffered reason had no basis in fact; (2) the proffered reason did not actually motivate the action; or (3) the proffered reason was insufficient to warrant the adverse action. *Sybrandt*, 560 F.3d at 558. Throughout this burden-shifting approach, the plaintiff bears the ultimate burden of proving, by a preponderance of the evidence, the intent to discriminate. *Monce*, 307 F. Supp. 3d at 814.

In this case, Defendant has met its burden of showing an absence of evidence to support the fourth element of a *prima* facie case of gender discrimination. Plaintiff is a member of a protected class (*i.e.*, a female) and was subjected to an adverse employment action. Also, Defendant has conceded for present purposes that she was qualified. But Defendant has pointed to undisputed facts both showing that Plaintiff was not replaced by a person outside of her class (*i.e.*, a male) and indicating that she was not treated differently than similarly-situated males. Specifically, Plaintiff was not replaced at all by Defendant. Indeed, none of the three salespersons fired on June 12 and 13, 2017 was replaced. As noted, the other two employees let go at the same time as Plaintiff were male.

In response, Plaintiff has not shown that similarly-situated, male employees were treated more favorably or that she was replaced by someone outside the protected class. Plaintiff also has not shown that the salesmen who were *not* let go in the RIF were similarly-situated to her in terms of qualifications, experience, and other comparison factors.

Furthermore, in response to Defendant pointing to the above-referenced undisputed facts tending to indicate that her sex was not a factor in her discharge, Plaintiff has not produced the

5

additional direct, circumstantial, or statistical evidence required to show discrimination in an RIF situation, *i.e.*, evidence that her status as a member of a protected class was a factor in her discharge. She argues that another employee, Peter Flournoy, has evidence of a discriminatory motive, but she has produced no such evidence. Despite numerous extensions of deadlines, Plaintiff has failed to file a signed affidavit from or deposition testimony of Peter Flournoy. Plaintiff has failed to show that Mr. Flournoy's alleged evidence is either admissible at this time or can be presented in admissible form at trial. Fed. R. Civ. P. 56(c)(2).[5] In fact, the parties have jointly filed information indicating that Flournoy would *not* provide evidence of a discriminatory motive if called to testify at trial. Doc. No. 39. In addition, Plaintiff has specifically withdrawn her arguments that: (1) the likelihood of Flournoy's alleged testimony being admissible and established at trial is great; and (2) Flournoy has never disputed or denied any of the statements attributable to him by Plaintiff. *Id*. For these reasons, the Court cannot consider Flournoy's unsigned affidavit or the alleged comments related therein.

The alleged statements upon which Plaintiff wishes to rely include her own response to an interrogatory which stated that: (1) Flournoy told her that Yharra made negative remarks about Plaintiff's working at Walker because she was a woman in sales; (2) Flournoy told her that Yharra told him, via text message, that Yharra knew Plaintiff was a bitch because all women are bitches and that is why Yharra did not like women in sales; and (3) Flournoy told her that Yharra made

---

[5] As explained above, Rule 56(c)(2) provides that, on a motion for summary judgment, a party may object that supporting materials "cannot be presented in a form that would be admissible in evidence." Upon such an objection, the proponent of the evidence must show that the material is admissible as presented or explain how it could be presented in a form that would be admissible. *Thomas v. Haslam*, 303 F. Supp. 3d 585, 624 (M.D. Tenn. 2018).

lewd, overly sexual comments about Plaintiff. Doc. No. 29-1.[6] When recounted by Plaintiff, each of these three statements is rank hearsay.[7]

Plaintiff argues that the Court should treat her own statement about Flournoy's comments to her as non-hearsay because Flournoy's statements were made while he was an employee or agent of Defendant. The Federal Rules of Evidence provide that a statement is not hearsay if it is offered against an opposing party and was made by that party's agent or employee on a matter within the scope of that relationship and while it existed. Fed. R. Evid. 801(d)(2)(D). Whether a statement is within the scope of employment, in a situation like this one, goes beyond just determining whether the declarant is a decision-maker related to the adverse employment action. *Crane v. Monterey Mushroom, Inc.*, 910 F. Supp. 2d 1032, 1043 (E.D. Tenn. 2012); *Carter v. University of Toledo*, 349 F.3d 269, 275 (6th Cir. 2003). The test is whether the statement *concerns* a matter within the scope of the agency or employment. *Crane*, 910 F. Supp. 2d at 1043; *Back v. Nestle' USA, Inc.*, 694 F.3d 571, 577 (6th Cir. 2012). Plaintiff contends that Flournoy was the manager of the Business Development Center at Walker Chevrolet. She has presented no evidence that Flournoy was responsible, in any way, for decisions concerning the reduction-in-force or decisions related to the termination of sales personnel.

In *Carter*, the employee's statements about the workforce's racial composition concerned a matter within the scope of his employment because, although he was not the plaintiff's supervisor, he oversaw affirmative action requirements for the university. *Carter*, 349 F. 3d at 276. In *Back*, the employee whose statement was at issue was the acting Director of Human Resources,

---

[6] Plaintiff also recounted these same alleged comments from Flournoy in her deposition. Doc. No. 29-1 at 59-62.

[7] Hearsay is a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c).

and the statement concerned a matter within the scope of a Human Resources Director's job. *Back*, 694 F.3d at 577.

There is no evidence, or even an allegation, that Flournoy was responsible for human resources or anything related to the hiring and firing of any of Defendant's employees, much less employees in Defendant's sales department. There is likewise no evidence that anything related to the sales department was within Flournoy's scope of employment. Therefore, Flournoy's alleged statements did not concern a matter within the scope of his employment. Plaintiff has failed to carry her burden of showing that Flournoy's alleged statements are non-hearsay under Fed. R. Evid. 802(d)(2)(D). The Court need not reach whether the alleged statements of Ybarra to Flournoy could be considered non-hearsay.

Besides the alleged testimony of Mr. Flournoy, presented through her own statements, Plaintiff has offered no other proof of a discriminatory motive or shown that the decision to let her go during this RIF was illegally based upon her gender. Moreover, Plaintiff has offered no proof that Defendant's legitimate, nondiscriminatory reason for terminating her employment—a reduction in force—was pretextual or that the real reason for her firing was her gender.

## CONCLUSION

For all these reasons, Defendant has carried its burden of demonstrating no genuine issue of material fact and that it is entitled to judgment as a matter of law. Plaintiff has failed to come forward with sufficient proof of discrimination to defeat Defendant's Motion for Summary Judgment, and that Motion will be granted.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE